IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02872-CMA-CBS

WILLIAM A. COYLE,
    Plaintiff,
v

THEODORE LAURANCE, and
NURSE MECHELLE,
    Defendants.

---

RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

---

Magistrate Judge Shaffer

This matter comes before the court on Defendant Laurance's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. #21), filed on January 6, 2014; and Defendant Gonzales's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. #28), filed on January 17, 2014.[1] Also before the court is Plaintiff's Motion for Temporary Restraining Order (doc #32), filed on February 3, 2014. These motions were referred to the Magistrate Judge pursuant to the Order of Reference dated November 7, 2013 (doc. #10). This court has carefully considered the motions and related briefing, the entire case file, the comments offered by the parties during the January 15, 2014 Preliminary Scheduling Conference, and applicable case law. For the following reasons, I recommend that Defendants Laurance and Gonzales's Motions to Dismiss be granted, and Plaintiff's Motion for Temporary Restraining Order be denied.

---

[1] Pursuant to the waiver of service (doc. #12), "Nurse Mechelle" is Ms. Michelle Gonzales, hereafter referred to as Ms. Gonzales or Defendant Gonzales.

## BACKGROUND

Mr. Coyle, a *pro se* prisoner incarcerated at the Arkansas Valley Correctional Facility ("AVCF") of the Colorado Department of Corrections (CDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his Eighth Amendment right against cruel and unusual punishment by negligently administering medical treatment. Plaintiff seeks monetary relief in the amount of his court filing fees and various forms of equitable relief.[2]

Plaintiff has a recognized mobility disability under the Americans with Disabilities Act ("ADA"), and suffers from acute back pain and numbness in his extremities to the point that his day-to-day activities are compromised. Plaintiff experiences frequent falls and requires the use of a cane. On June 20, 2013, after one of these falls, Plaintiff visited Defendant Laurance, a CDOC physician's assistant, seeking relief for increased back pain. Plaintiff alleges that during the examination, Defendant Laurance "pick[ed] up [Plaintiff's] hipps [sic] [and] slam[med] them repeatily [sic] into the bed," stating, "I needed to straighten you out." (Doc. #1). Defendant Laurance allegedly denied Plaintiff the use of a wheelchair, declined to administer x-rays, and required Plaintiff to wait half an hour before attending to him. Plaintiff alleges that Defendant Laurance has also denied him access to a specialist and provided no remedy for Plaintiff's pain other than "medications that don't work." *Id.*

Plaintiff suffered another fall on June 23, 2013, and was transmitted to a local hospital, where Defendant Gonzales, a CDOC nurse, allegedly "slamed [sic] [him] around on [a] crash cart, and droped [sic] [Plaintiff] due to stated frustration." *Id*. Plaintiff alleges that he was again required to wait thirty minutes for medical attention, and that Defendant Gonzales ultimately "pushed off her responsibilities" to other care givers. *Id.*

Plaintiff further claims that unnamed CDOC officials violated his Eighth Amendment rights in denying him follow-up treatment ordered by the hospital doctors and by failing to approve his request for

---

[2] Plaintiff seeks an order providing for his treatment by a neurologist or other specialist, preventing CDOC officials from harming him, terminating the employment of Defendants, and releasing his medical records, among other relief.

a typewriter; and that unnamed CDOC officials violated his ADA rights by delaying the approval of a shower chair. Finally, Plaintiff alleges that unnamed CDOC officials have retaliated against him with physical and verbal assaults; and threats to transfer him to another facility, deny him access to the law library, and deny him treatment, among other abuse.

Along with the Complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. #3) and a motion asking the court to appoint counsel to represent him (doc. #4). On October 23, 2013, the court granted Plaintiff's § 1915 motion but denied Plaintiff's request for appointment of counsel as premature (doc. #5). Plaintiff next filed two motions for an extension of time to serve Defendants (doc. #6 and #7); the court denied one (doc. #6) as moot, and the other (doc. #7) as unintelligible. (Doc. #8). Defendants waived service on November 7, 2013. Later in November, Plaintiff filed a second motion requesting appointment of counsel (doc. #14), a Motion for a Temporary Restraining Order (doc. #16), and a notice to the court of a "possible parallel claim." (Doc. #17). On January 6, 2014, Defendant Laurance filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment (doc. #21).

This court held a Preliminary Status Conference on January 15, 2014 (doc. #24). Plaintiff withdrew his notice of a possible parallel claim; and the undersigned denied without prejudice Plaintiff's Motion to Appoint Coun[sel] and Motion for a Temp[or]ary Restraining Order, and extended the deadline to March 3, 2014 for Plaintiff to respond to Defendant Laurance's Motion to Dismiss. Defendant Gonzales subsequently filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment (doc. #28) on January 17, 2014. This court extended Plaintiff's deadline to respond to Defendant Gonzales's Motion to Dismiss to March 3, 2014 (doc. #31). Plaintiff filed a second Motion for Temporary Restraining Order on February 3, 2014 (doc. #32), and counsel for Defendants filed a response on February 24, 2014 (doc. #36). To date, Plaintiff has not responded to either Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

A.      **Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the United States Tenth Circuit Court of Appeals explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. Coyle is appearing *pro se*, the court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not

assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as the *pro se* litigant's advocate); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in that absence of any discussion of those issues"). Furthermore, the court may, at any time and of its own accord, dismiss any action that is frivolous or which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

## B.  Injunctive Relief

To succeed on a motion for a temporary restraining order or preliminary injunction under Fed. R. Civ. P. 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003) (internal quotations omitted). Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Title 18 U.S.C. § 3626(a)(2) requires that, "[i]n any civil action with respect to prison conditions," any "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

## ANALYSIS

Plaintiff did not respond to Defendants' motions to dismiss; however, this court cannot rest on the laurels of Defendants' arguments and must engage in an analysis of Plaintiff's claim. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response") (internal quotation marks and citation omitted). This requirement "is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

### A.     Constitutional Violation

Title 42 U.S.C. § 1983 allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also West v. Atkins,* 487 U.S. 42, 48 (1988). As an initial matter, Plaintiff sued Defendants in their individual and official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72, (1985)). The Eleventh Amendment bars suits against a state by its own citizens, and immunizes state defendants sued in their official capacities from liability for damages or equitable relief. *See Johns v. Stuart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("Eleventh Amendment [immunity] … applies whether the relief sought is legal or equitable," but "does not, however, bar a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law") (internal quotations and citations omitted). Furthermore, state employees acting in their official capacities are not "persons" subject to suit under § 1983. *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). Accordingly, Plaintiff cannot

pursue a § 1983 claim for damages or declaratory relief against Defendants acting in their official capacity. The following analysis considers Plaintiff's § 1983 claim as it relates to Defendants acting in their individual capacity.

Mr. Coyle alleges that Defendants and unnamed state employees violated his right against cruel and unusual punishment under the Eighth Amendment by providing inadequate medical care. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)) (citation omitted). The Supreme Court has instructed that the Eighth Amendment prohibits "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Prison officials may be liable for an Eighth Amendment violation for "indifference manifested in their response to a prisoner's needs or by intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405 (10th Cir. 2014).

"The test for constitutional liability of prison officials involves both an objective and a subjective component." *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005) (quotations omitted). First, the prisoner must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quotations omitted). Second, under the subjective component, the prisoner must establish deliberate indifference to his serious medical needs by "present[ing] evidence of the prison official's culpable state of mind." *Id.* The subjective standard requires a state of mind "akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837) (internal quotations and additional citations omitted).

A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "The Supreme Court [has] cautioned that 'an inadvertent failure to provide adequate medical care' does not rise to a constitutional violation." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Estelle,* 429 U.S. at 105–06).

Defendants argue, among other things, that even if Plaintiff's allegations are true, he has not stated a claim for violation of the Eighth Amendment. Defendants concede for purposes of their motions that Plaintiff has a sufficiently serious need,[3] but dispute that he has demonstrated deliberate indifference. Plaintiff alleges that Defendant Laurance denied his request to see a specialist despite the recommendation of another physician's assistant, and furthermore that Defendant Laurance unsuccessfully attempted to correct his alignment, denied him the use of a wheelchair, failed to administer X-rays after Plaintiff's falls, and prescribed medicine that failed to relieve his pain. Plaintiff alleges that Defendant Gonzales became frustrated with him during a trip to the hospital on June 23, 2013, used unnecessary force while steering his gurney, and "pushed off her responsibilities" onto other caregivers.

Though it was understandably vexing for Plaintiff to seek and be denied certain accommodations that he believes are necessary for his condition, the above allegations do not indicate that Defendants acted with culpable states of mind or criminal recklessness. Plaintiff's allegations more accurately demonstrate that he and Defendant Laurance shared a difference of opinion regarding appropriate medical treatment, and such differences of opinion do not give rise to a constitutional violation. *Compare Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (holding denial of wheelchair to prisoner following injury was difference of opinion regarding treatment and did not constitute deliberate indifference), *with Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) ("We are persuaded that a showing of deliberate refusal to provide medical attention, as opposed to a particular course of treatment,

---

[3] Plaintiff has a recognized disability under the ADA caused by lumbar spine arthritis and complications from a herniated Thoracic disc.

coupled with falsification of medical records may give rise to an Eighth Amendment violation and is cognizable under 42 U.S.C. § 1983.").

At worst, Plaintiff's allegations demonstrate a negligent failure by Defendants to administer proper medical care. However, negligence does not give rise to an Eighth Amendment violation. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 811 ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation") (internal citations omitted); *see also Estelle,* 429 U.S. at 107 (concluding that a decision not to take an x-ray is, "[a]t most," medical malpractice that does not fall under the Eighth Amendment). To prevail on "an Eighth Amendment claim, as opposed to a medical malpractice claim under state tort law, a plaintiff is required to identify 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Callahan*, 471 F.3d at 1160 (quoting *Estelle*, 429 U.S. at 106). The Eighth Amendment does not guarantee that a prisoner will receive the treatment he desires, nor is it violated where skilled personnel exercise discretionary judgment. *See Self*, 439 F.3d at 1232 ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment."). Decisions whether to consult a specialist or undertake additional medical testing are such matters that traditionally fall within the scope of medical judgment. *Id.* Plaintiff summarily claims that Defendants "know that [he is] in substantial risk to harm, and disregard[] that risk by inadequate improper medical treatment and or negligence [sic]." (Doc. #1). However, Plaintiff has not provided the factual allegations to show that either Defendant acted with the requisite culpable mindset.

Plaintiff further alleges that Defendants caused him to wait thirty minutes on two different occasions before tending to him. "When the prisoner's Eighth Amendment claim is premised on an alleged delay in medical care, the prisoner must 'show that the delay resulted in substantial harm.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma,* 519 F.3d 1242, 1246–47 (10th Cir. 2008) (quoting *Oxendine v.*

9

*Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001).  Plaintiff has stated no facts to show specific harm caused by the half hour delays.

The remainder of Plaintiff's allegations involve unnamed CDOC employees.  Plaintiff sought a typewriter as an alternative to handwriting papers and complains he was denied for "lack of medical records," but Plaintiff does not allege who issued the denial. (Doc. #1).  Plaintiff requested a shower chair after multiple falls in the shower and complains that one was not provided for approximately six weeks; but Plaintiff does not allege that either Defendant is responsible for the delay.[4]  Finally, Plaintiff claims that doctors at the local hospital prescribed treatment that was later denied to him at AVCF, but Plaintiff does not allege that Defendants are responsible for the denial.  These allegations do not implicate Defendants and therefore will not be considered against Defendants in furtherance of Plaintiff's Eighth Amendment claim.

There is little question that Plaintiff endures a serious medical condition and suffers daily from considerable pain.  However, the demonstration of a sufficiently serious medical need alone does not constitute an Eighth Amendment claim.  Because Plaintiff has not alleged that Defendants acted with the deliberate indifference necessary to find a constitutional violation, I recommend that Defendants' Motions to Dismiss be granted.[5]

This court also notes that Plaintiff admits he has not exhausted the CDOC administrative relief process as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and claims that his failure to exhaust is due to threats of retaliation (doc. #1).  Plaintiff does not, however, name the officials

---

[4] Plaintiff's allegations surrounding the delay in receiving the shower chair are somewhat unclear. To the extent Plaintiff seeks to claim that the delay was a violation of the ADA, the Tenth Circuit has held that the ADA does not provide a private right of action to challenge medical treatment.  *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005). To bring an action under the ADA, Plaintiff would have to show that he was qualified to receive the benefits he sought and he was denied those benefits "solely by reason of disability."  *Id.*  Plaintiff has made no such showing here.

[5] In light of the recommendation that Plaintiff has failed to state an Eighth Amendment claim, this court need not reach the question of Defendants' qualified immunity.  *Duncan*, 15 F.3d at 992 ("State officers sued in their individual capacities are immune from liability for exercises of discretionary authority unless their conduct 'violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known,'") (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)) (internal citation omitted).

responsible for the retaliatory conduct. Without officially reaching the issue of exhaustion, this court cautions Plaintiff that should he re-file this lawsuit, he should be prepared to demonstrate compliance with the Prison Litigation Reform Act or set forth facts that demonstrate a colorable fear of retaliation. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.").

**B.     Temporary Restraining Order**

Plaintiff filed a Motion for Temporary Restraining Order (doc. #32) on February 3, 2014, asking the court to enjoin Defendants from interfering with Plaintiff's medical treatment and causing Plaintiff further harm, and order Defendants "to perform [their] duties." Defendants filed a response to the Motion on February 24, 2014 (doc. #36). In light of Defendants' responses, this court recommends treating Plaintiff's motion as one for a preliminary injunction. *See generally* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951 (3d ed.) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

A party seeking preliminary injunctive relief must satisfy four factors: a likelihood of success on the merits; a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in the movant's favor; and that the injunction is in the public interest. *RoDa Drilling Co.*, 552 F.3d at 1208. The grounds for injunctive relief "in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (internal citations omitted).

Plaintiff not only failed to address any of the four factors, he failed to provide any discussion from which this court could adequately evaluate whether the factors had been met. Plaintiff's motion merely

lists the requested relief.  This court disposes of the first factor in accordance with its recommendation that the district court grant Defendants' Motions to Dismiss.  *See Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998) ("Because we have addressed [appellant's] § 1983 claim and found it without merit, we agree with the district court that he is not entitled to a TRO or preliminary injunction.").  Plaintiff cannot satisfy the second factor because he did not include any factual allegations to indicate that he is on the brink of suffering irreparable harm as a result of Defendants' actions or inactions.  *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual and not theoretical") (internal quotations and citations omitted).  Moreover, Plaintiff's mandatory release date is May 26, 2014 (doc. #36-3).  Plaintiff's release on parole will render moot any claim for prospective injunctive relief related to conditions of confinement at AVCF.  *See McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999).  Finally, Plaintiff's requested relief that the court enjoin Defendants from causing him further harm and order Defendants to fulfill their duties is too broad to satisfy § 3626(a)(2).  *See Stephens v. Jones*, 494 F. App'x 906, 911-12 (10th Cir. 2012) (affirming district court's ruling that requested injunctive relief to prevent prison officials "from taking actions that will result in irreparable harm to [prisoner's] right and ability to litigate actions before the Courts" violated the statutory requirements of § 3626(a)(2)).[6]  There is no need to engage in an analysis of whether the balance of equities tips in Plaintiff's favor or whether an injunction would be in the public interest in light of the fact that Plaintiff does not satisfy the first two criteria required for granting a preliminary injunction.  Accordingly, I recommend that Plaintiff's Motion for Temporary Restraining Order be denied.

---

[6] A copy of this unpublished case is attached to this Recommendation.

**CONCLUSION**

For the foregoing reasons, this court RECOMMENDS that Defendant Laurance's Motion to Dismiss (doc. #21) be GRANTED, Defendant Gonzales's Motion to Dismiss (doc. #28) be granted, Plaintiff's Motion for Temporary Restraining Order (doc. #32) be DENIED, and Plaintiff's Complaint (doc. #1) be dismissed without prejudice.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs

waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 15th day of May, 2014.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge